

FILED IN CLERK'S OFFICE

NOV 0 2 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Canal Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | 1 09-cv-3047 |
| | ) | |
| The American Insurance Company, | ) | |
| American Apparel, Inc., Warrior | ) | |
| Transportation, LLC, Exodus | ) | **COMPLAINT FOR** |
| Express, Inc., and Larry Houchens, | ) | **DECLARATORY JUDGMENT** |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Canal Insurance Company, by and through its undersigned attorneys, for its Complaint against Defendants, would respectfully show unto the Court as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Canal Insurance Company ("Canal"), is a corporation organized and existing under the laws of the State of South Carolina, with its principal place of business in Greenville, South Carolina.

1209674.1

2. Upon information and belief, Defendant The American Insurance Company, ("American Insurance"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Novato, California. Its registered agent for service of process is Jan F. Mitchell, 777 San Marin Drive, Novato, California 94998.

3. Upon information and belief, Defendant American Apparel, Inc., ("American Apparel"), is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Montgomery, Alabama.

4. Upon information and belief, Defendant Warrior Transportation, LLC, ("Warrior"), is a limited liability company organized and existing under the laws of the State of Alabama that maintains a registered agent for service of process, Dwight Jones, 1195 Piedmont Highway, Centre, Alabama 35960.

5. Upon information and belief, Defendant Exodus Express, Inc., ("Exodus"), is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 6108 Phillip Lane, Lithonia (DeKalb County), Georgia, 30058-7924. Its registered agent is Larry Houchens and he may be served as its registered office.

6. Upon information and belief, Defendant Larry Houchens ("Houchens") is a citizen and resident of the State of Georgia and may be served with process at the same address as Exodus Express, Inc.

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

8. This action is currently ripe for adjudication. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000 and there is diversity of citizenship among the parties.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10. Prior to December 23, 2007, American Apparel arranged with Warrior for the transportation of 13 pallets of military jackets (the "cargo") to be transported from Centre, Alabama to Suffolk, Virginia.

11. Warrior was apparently licensed as a contract motor carrier from October 5, 2007 through February 9, 2009, at which time its authority was revoked.

12. Warrior "brokered" the task of transporting the cargo Exodus Express and/or Houchens issued a bill of lading reflecting that the cargo would be transported from Centre, Alabama to Suffolk, Virginia.

13. Prior to December 23, 2007, Exodus/Houchens took possession of the cargo.

14. On or about December 23, 2007, the cargo was stolen from an unattached trailer while parked on private property in Lithonia, Georgia.

15. As a result of the theft, Defendants American Apparel and American Insurance allegedly sustained damages and reported the loss to Warrior, Houchens, and Exodus.

16. Warrior, Houchens and Exodus reported the loss to its respective insurers.

17. At the time of the loss, Defendant Exodus was insured under a cargo policy with Canal, with effective dates of August 26, 2007 through August 26, 2008, having a limit of $ 100,000. A copy of the policy (the "Exodus Policy") is attached hereto as **Exhibit A**.

18. The Exodus Policy provides, in pertinent part, the following:

**VI. Definitions**
G.  "Covered Cargo" means cargo of others in transit under of the following written documents issued by you: bill of lading, tariff or shipping receipt.  The cargo must be on a "scheduled vehicle," or in the actual process of being loaded onto a "scheduled vehicle" or unloaded off of a "scheduled vehicle" by the insured or within fifty (50) feet of the "scheduled vehicle," or at a "schedule location."

However, "covered cargo' does not include cargo on a trailer that is not physically attached to a power unit, unless the cargo is at a "scheduled location."

19. According to the terms of the Exodus Policy, a "scheduled location" is defined as "the physical location as described in the Declaration Page."

20. At the time of the loss, the truck was not at a scheduled location, and the trailer was detached from a power unit at the time of the alleged theft.

21. On January 7, 2008, Canal notified Exodus by certified and regular mail of its decision to decline coverage for the loss because the trailer involved was not attached to a tractor at the time of the loss.

22. On September 22, 2008, American Insurance, through its counsel, issued a demand to the liability carrier for Warrior Transportation and Essex Insurance Company ("Essex") for payment after receiving correspondence that Essex denied coverage for the loss.

23. In that same letter, American Insurance acknowledged that Canal also denied coverage for the loss.

24. As a result, American Insurance sought to recover from Warrior by pursuing a subrogation claim.

25. On October 21, 2008, American Insurance and American Apparel filed a Complaint in the U.S. District Court, Northern District of Alabama, naming Warrior, Exodus, and Houchens as Defendants.

26. In the Complaint, American Insurance and American Apparel asserted claims of negligence, breach of contractual duty, breach of intended third-party beneficiary, and breach of statutory duty under the ICC Termination Act claims against Houchens and Exodus respectively.

27. By its answer, Warrior asserted a cross-claim against Exodus Express and Houchens for indemnity for breach of statutory duties under 42 U.S.C. § 14706, et seq.

28. Upon information and belief, Houchens and Exodus failed to appear before the court concerning these claims.

29. Defendants American Insurance and American Apparel obtained a default judgment against Exodus only (and not Houchens) awarding $142,481.00

plus $12,835.00 prejudgment interest to American Insurance and $1,000.00 plus $101.26 in prejudgment interest to American Apparel. A copy of the judgment is attached hereto as **Exhibit B**.

30. On October 10, 2009, American Insurance requested Canal issue immediate payment to American Insurance and American Apparel in accordance with the terms of the judgment.

31. There is no coverage provided to Houchens or Exodus by Canal for reasons stated above or for other reasons as may be determined or identified and Canal has no payment obligation to American Insurance of American Apparel.

32. Canal is entitled to an Order of this Court holding that:

   a. Canal has no duty to indemnify Houchens or Exodus under its policy;

   b. Canal has no duty to defend Houchens or Exodus under its policy;

   c. Canal has no duty to make payment to American Insurance or American Apparel nor any payment obligation for a judgment or settlement on behalf of Houchens or Exodus.

**WHEREFORE,** Plaintiff prays to the Court for the following relief:

   (a)   Enter judgment in favor of Canal as indicated above; and

   (b)   Any other relief to which it may be entitled.

*/s/ J. Robert Persons*
J. Robert Persons (State Bar of Georgia #573400)
Nikole M. Crow (State Bar of Georgia #198359)
SMITH MOORE LEATHERWOOD LLP
Atlantic Center Plaza
Suite 2300, 1180 West Peachtree Street NW
Atlanta, GA 30309-3482
(404) 962-1075/ (404)962-1262
*bob.persons@smithmoorelaw.com*
*nikole.crow@smithmoorelaw.com*

*/s/ Robert D. Moseley, Jr.*
Robert D. Moseley, Jr. (Federal Bar #5266) by JRP w/ permission
SMITH MOORE LEATHERWOOD LLP
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC  29602-0087
(864) 242-6440/ (864) 240-2475
*rob.moseley@smithmoorelaw.com*

This 2nd day of November, 2009